On petition of the guardian of the person and property of Arthur G. DeCourcy, a lunatic, there was a reference to a master to inquire and report what debts of the lunatic and to what amounts, should be paid, and what amount the guardian should expend yearly for the maintenance of said ward, and further that the master should report "as to the merits of the claim of Emma Kate DeCourcy for insurance moneys paid unto the guardian amounting to $6,000." The solicitor for Mrs. DeCourcy consented to this order. The master has reported as follows: The guardian has on hand in the general fund $5,364.12 and from disability allowance received from the United States $306.31. Certain claims against the lunatic totaling $3,682.90 appear to be just and should be paid; certain other claims have been outlawed, or for other reasons should not be allowed; the minimum cost for maintenance of the lunatic at the state hospital to which he has *Page 132 
been committed, is $10 a week and the guardian should be directed to pay this amount, plus $6 a month for clothing and other necessities. The master further reported that the claim of Mrs. DeCourcy should be disallowed for the reason that the insurance policy under the terms of which the money were paid, contained no mortgagee clause directing payment to be made to Mrs. DeCourcy. And that any other claim of Mrs. DeCourcy against the lunatic is outlawed and should not be allowed.
Mrs. DeCourcy excepts to the disallowance of her claims, first on the ground that there is no evidence to sustain the findings, and second, that the master had no authority to adjudicate upon her claims. Mrs. DeCourcy also moves to vacate the order of reference in so far as it restrains creditors from instituting action against the guardian or the estate.
Our law, like the law of England, tenderly regards lunatics and prefers their maintenance to the payment of their creditors.Hoffman v. Kahn, 119 N.J. Eq. 171. The supplement of 1895 (Comp. Stat. p. 2791 § 14d), on which this proceeding is based, contemplates an investigation of the lunatic's affairs to determine first, how much should be applied annually for the maintenance of the lunatic and his family, and second, how much of his debts should be paid. The conclusion depends upon such factors as the size of his estate, the annual income, the probable duration of his malady, or if it be incurable, his life expectancy, and the amount of his debts. He cannot be maintained in luxury in disregard of his creditors and his creditors cannot be paid if payment will so deplete the estate, that it will be insufficient for his bare support. In the present instance, if the debts reported by the master are paid, as well as the expenses of this proceeding, there will remain only about $1,500 in the estate. The lunatic's income will be $72 from the government, and say $50 interest; maintenance cost is $600. The estate will be exhausted in three years. The masters' recommendation cannot be approved. One of the debts is due to the State of New Jersey for the maintenance of the lunatic during the past several years and amounting to $1,975.79. This debt is *Page 133 
preferred both because it is due to the state and because it was incurred in the maintenance of the lunatic. The guardian will be directed to pay it but will not be directed to pay any of the other debts. Payment of $600 yearly for support will be approved.
The statute does not, in my opinion, give the court jurisdiction to adjudicate disputed claims between the lunatic and his creditors. If a creditor whose claim has been disallowed by the master, wishes to establish it in the hope that some day the estate will be in a position to pay, he should be at liberty to bring action. Van Horn v. Hann, 39 N.J. Law 207. But he will not be permitted to touch the estate in the guardian's hands for the purpose of satisfying any judgment he may obtain.
Mrs. DeCourcy's claim to insurance moneys is not a controversy with the lunatic but with the guardian. Neither the guardian's petition nor any other pleading mentions the matter and there is no evidence relating to it. Further, I am satisfied that the court has no jurisdiction over the controversy under the statute. Mrs. DeCourcy's consent to the order of reference does not confer jurisdiction. Still, if there were proofs, I would think it proper for the master to report on this subject and also on the probable validity or invalidity of claims in order to guide the court in making an allowance for the lunatic's maintenance, even though his report and the order thereon would not be conclusive against a creditor whose claim is disallowed. But since there was no evidence supporting the master's findings in respect to Mrs. DeCourcy, her exceptions will be allowed. Also her motion to vacate the restraint will be granted. *Page 134